IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

RICHARD A. HAYHURST,

      Plaintiff,

v.                              Civil Action No. 5:08CV107
                                        (STAMP)

LIBERTY INTERNATIONAL
UNDERWRITERS, INC.,

      Defendant.

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANT'S MOTION FOR
LEAVE TO SET ASIDE ENTRY OF DEFAULT,
GRANTING DEFENDANT'S MOTION FOR
LEAVE TO FILE ANSWER INSTANTER,
AND DENYING PLAINTIFF'S
APPLICATION FOR DEFAULT JUDGMENT**

## I.  Procedural History

This action involves an alleged breach of contract regarding professional liability insurance coverage issued to the plaintiff, Richard A. Hayhurst, by the defendant, Liberty International Underwriters, Inc.  The plaintiff filed a complaint in this Court on June 2, 2008, and sent the defendant a waiver of service of summons on June 20, 2008.  Counsel for the defendant executed the waiver on June 30, 2008, and returned the waiver to the plaintiff on July 8, 2008.  However, the plaintiff appears to have been unaware that the waiver of service had been executed and returned, and, based upon that misapprehension, filed an application for entry of default on August 15, 2008.  Entry of default was entered on the same date.

On August 20, 2008, the plaintiff filed an application for default judgment.  Shortly thereafter, on August 29, 2008, the defendant filed separate motions to set aside default entry and for leave to file an answer instanter.  The plaintiff filed responses in opposition to both of the defendant's motions, and the defendant replied.  After reviewing the parties' pleadings, relevant aspects of the record and the applicable law, this Court finds that the defendant's motion to set aside entry of default should be granted, that the defendant's motion for leave to file its answer instanter should be granted, and that the plaintiff's application for default judgment should be denied.

II.  <u>Applicable Law</u>

A.  <u>Application for Default Judgment</u>

To obtain a default judgment, a party must first seek an entry of default under Federal Rule of Civil Procedure 55(a).  Under Rule 55(a), an entry of default is appropriate "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . ."  Once default is entered by the clerk, the party may seek a default judgment under Rule 55(b)(1) or (2), depending on the nature of the relief sought.  If the plaintiff's claim is for "a sum certain" or a "sum which can by computation be made certain," the plaintiff may seek entry of default judgment from the clerk under Rule 55(b)(1).  However, in cases in which the plaintiff seeks a form of relief other than

liquidated damages, Rule 55(b)(2) requires plaintiff to seek an entry of default judgment from the court.

It is well-established in the Fourth Circuit that default judgments are to be granted sparingly. <u>See, e.g.</u>, <u>Lolatchy v. Arthur Murray, Inc.</u>, 816 F.2d 951, 953 (4th Cir. 1987). "[T]rial judges are vested with discretion, which must be liberally exercised, in entering such judgments and in providing relief therefrom." <u>United States v. Moradi</u>, 673 F.2d 725, 727 (4th Cir. 1982).

B.   <u>Motion to Set Aside Entry of Default</u>

As a preliminary matter, this Court notes that the applicable standard for determining whether to set aside a entry of default differs from that for determining whether to set aside a default judgment.  Pursuant to Rule 55(c) of the Federal Rules of Civil Procedure, the standard for setting aside an entry of default is good cause, whereas setting aside a judgment of default requires the moving party to meet the more rigorous standards of Rule 60(b). <u>See</u> Fed. R. Civ. P. 55(c)("For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).") In the present case, a default judgment has not yet been entered. Accordingly, this Court evaluates the defendant's motion under the "good cause" standard of Rule 55(c), rather than the more rigorous standard of Rule 60(b).

C. Motion for Leave to File Answer

Federal Rule of Civil Procedure 6(b)(1)(B) governs determinations of whether to extend the time for filing an answer and provides, in relevant part:

"When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on a motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Excusable neglect for purposes of Rule 6(b) should be determined by the individual circumstances of each case and, depending upon the circumstances, may include inadvertence by the responding party. See Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd., 507 U.S. 380 (1993).

III. Discussion

A. Plaintiff's Application for Default Judgment and Defendant's Motion to Set Aside Entry of Default

Default judgment is not warranted in this action, and the entry of default should be set aside. Under the law of the Fourth Circuit, a defaulting party should be granted relief if it acts reasonably promptly to set aside the default and alleges a meritorious defense. United States v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982); Central Operating Co. v. Utility Workers of America, 491 F.2d 245, 254 (4th Cir. 1974); Consolidated Masonry and Fireproofing, Inc. v. Wagman Constr. Corp., 383 F.2d 249, 251 (4th Cir. 1967). "Whether a party has taken 'reasonably prompt' action . . . must be gauged in light of the facts and circumstances

of each occasion.  Further, all that is necessary to establish the existence of a 'meritorious defense' is a presentation or proffer of evidence, which, if believed, would permit either the [c]ourt or the jury to find for the defaulting party." Moradi, 673 F.2d at 727.

In determining whether to enter default judgment, courts should also consider whether setting aside the entry of default would prejudice the opposing party.  Central Operating Co. v. Utility Workers of America, 491 F.2d 245, 254 (4th Cir. 1974). "Additionally, justice demands that a blameless party not be disadvantaged by the errors or neglect of his attorney which cause a final, involuntary termination of proceedings." Moradi, 673 F.2d at 728.  Finally, any doubts regarding the appropriateness of default judgment should be resolved in favor of a resolution on the merits.  See id. at 727-28.

The plaintiff contends that the defendant has failed to show good cause for setting aside the entry of default and that, therefore, default judgment should be entered in the plaintiff's favor.  In support of his position, the plaintiff argues that the defendant's response to the application for default judgment has failed to show good cause why the defendant should be granted relief from the entry of default because the defendant offered no reason for failing to file a timely answer.  Additionally, the plaintiff contends the defendant's answer sets forth no meritorious defense to the complaint but instead merely asserts lack of

knowledge as to most of the allegations set forth therein, and admits that it has the duties the plaintiff charges it as having violated. Moreover, the plaintiff takes the position that the defendant failed to act reasonably promptly in seeking relief because it failed to file an answer or other responsive pleading until ten days after the date the answer was due under the Federal Rules of Civil Procedure and because the defendant failed to offer any reason for such delay. Finally, the plaintiff asserts that he will be prejudiced if the entry of default is set aside and default judgment is not entered because resolution of the claims at issue in this action bear upon several matters of trial strategy in similar litigation in which the plaintiff is involved in state court and in the United States District Court for the Southern District of West Virginia.

The defendant counters that it has established good cause for setting aside the entry of default and, therefore, that the plaintiff's motion for default judgment should be denied. Counsel for the defendant represents to this Court that the failure to file a timely answer is attributable to a calculation error in the permissible time for filing an answer. Counsel further represents that the error is attributable solely to counsel, and not in measure to the defendant. Further, the defendant contends that its proposed answer does set forth meritorious defenses, including outright denial of all allegations of wrongdoing and a number of affirmative defenses. Finally, the defendant claims that the

plaintiff will not be prejudiced merely because the issues in this action may not be resolved before separate actions go to trial. The defendant argues that the plaintiff chose the time to initiate this suit and that prejudice does not arise merely because the dispute will not be resolved within the time the plaintiff believes it should be.

The defendant's arguments are well-taken. This Court finds that the defendant has shown good cause for setting aside entry of default. First, the defendant acted reasonably promptly to set aside entry of default by filing its motion within ten days after the plaintiff filed the application for default judgment. Second, the defendant has asserted meritorious defenses. Beyond mere denials of wrongdoing, the defendant also asserts defenses including, for example, statute of limitations, failure to plead with particularity, and failure of the plaintiff to comply with one or more provisions of the insurance policy at issue. Third, this Court finds that the plaintiff is not being unfairly prejudiced and that it would be beneficial for this civil action to proceed on the merits. Finally, the defendant would be unjustly disadvantaged from being able to defend this suit given that its failure to file a timely answer was due solely to attorney error. Accordingly the defendant's motion to set aside entry of default will be granted, and the plaintiff's application for default judgment will be denied.

B.    Motion for Leave to File Answer Instanter

Under the particular circumstances of this case, the defendant has shown excusable neglect, and its motion for leave to file an answer instanter should, therefore, be granted.  The factors to be considered in deciding whether to allow a late filing under the excusable neglect standard of Rule 6(b) include: the danger of prejudice to the non-moving party, the length of delay and its potential impact on the judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the moving party, and whether the moving party has acted in good faith.  See Pioneer, 507 U.S. 380, 395 (1993).  As discussed above, the plaintiff will not be prejudiced by permitting the answer to be filed.  Further, the impact on the judicial proceedings is minimal given that the length of delay was only ten days from the date on which the plaintiff filed his motion for default judgment, and the case is in the earliest stages of proceedings.  The reason for the delay was an error in calculation by the defendant's attorney, not any dilatory conduct by the defendant.  These circumstances warrant granting the defendant's motion.

## IV.  Conclusion

For the reasons stated above, the defendant's motion to set aside entry of default is hereby GRANTED, the defendant's motion for leave to file answer instanter is hereby GRANTED, and the plaintiff's motion for default judgment is hereby DENIED.

IT IS SO ORDERED.

The Clerk is directed to file the defendant's answer, styled "Defendant Liberty International Underwriters, Inc.'s Answer Instanter," docketed as an attachment to the defendant's motion for leave to file answer instanter.  The Clerk is further directed transmit a copy of this order to the defendant and to counsel of record herein.

    DATED:    January 26, 2009

<u>/s/ Frederick P. Stamp, Jr.</u>
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE